

# Ginarte O'Dwyer González Gallardo & Winograd LLP.

JOSEPH A. GINARTE *
JOHN D. O'DWYER
RICHARD M. WINOGRAD 1□
MANUEL GONZALEZ
MICHAEL A. GALLARDO □
ADAM J. KLEINFELDT □
BARRY D. WEIN
ELLEN RADIN 2
MARK MAURER □
LEWIS ROSENBERG ◊ 2
GLENN VERCHICK □2
STEVEN R. PAYNE □•
STUART L. KITCHNER +
NICHOLAS L. KROCHTA ^
BRUNO K. BRUNINI *
PATRICK M. QUINN +
JAMES P. KRUPKA ^
MATTHEW V. VILLANI ^
REBECCA NATHANSON □
JOHN J. MEGJUGORAC □
ROBERT J. OSBORNE ^
ANTONIO L. CRUZ 2
DOREEN E. WINN □ 2
MICHAEL P. PETERS □
JENELLE L. HUBBARD □

ATTORNEYS AT LAW
GINARTE PROFESSIONAL BUILDING
400 MARKET STREET
NEWARK, NJ 07105
973-854-8400

**Direct Dial**
(973) 854-8434
FAX: (973) 585-2685
akleinfeldt@ginartelaw.com

WWW.GINARTE.COM

October 29, 2013

NEWARK
NEW YORK
UNION CITY
ELIZABETH
CLIFTON
PERTH AMBOY
QUEENS

1 CERTIFIED CIVIL TRIAL ATTORNEY
2 OF COUNSEL
+ ADMITTED TO NY
□ ADMITTED TO NJ & NY
* ADMITTED TO NJ, NY & DC
◊ ADMITTED TO NY & MA
^ ADMITTED TO NJ
• ADMITTED TO CALIFORNIA
^ ADMITTED TO NJ & PA

ROGER GUARDA, CLAIMS MGR.

EDELMAN & EDELMAN
OF COUNSEL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/13
```

**VIA ECF**
Hon. William H. Pauley, III (U.S.D.J.)
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

RE:   **Susanne Fleming v. LCH.Clearnet LLC *et al.*
        Docket No.:   13-cv-02165
        Our File No.: 236142**

Your Honor:

    I represent the Plaintiff in the above-referenced manner. I write concerning a discovery dispute that has emerged between the parties and to seek the Court's intervention and/or permission to file a motion concerning the subject. In short, Plaintiff propounded a total of 24 interrogatories on Defendant many of which properly contained subparts that were factually subsumed within and directly related to the primary question of the interrogatory (for example, if there was a meeting, the interrogatory requested as subparts, the date, time, and attendees at each meeting identified).

    After receiving a communication from Defendant that failed to provide any specific objection to any specific subparts of interrogatories propounded by Plaintiff (Defendant broadly claimed all subparts constituted a total of 54 interrogatories without pointing out what subparts it deemed improper), I drafted a letter to Defendant specifically identifying the rules concerning subparts of interrogatories. (Attached as Exhibit "1" is my letter of September 9, 2013).[1] The

---

[1] Defendant's Interrogatory responses are also woefully deficient in that they fail to provide requested information. Plaintiff, however, will attempt to resolve these deficiencies before involving the Court. Thus, this letter only concerns Defendant's refusal to answer interrogatories Nos. 14-24.

authority cited in the letter clearly demonstrates the subparts contained in Plaintiff's interrogatory requests are properly worded subparts that do not constitute separate interrogatories.

Nevertheless, Defendant drafted "responses" to Plaintiff's interrogatories where Defendant refused to answer Interrogatories Nos. 14 through 24 on the ground that "Plaintiff has propounded more than twenty-five (25) Interrogatories in violation of Rule 33(a)(1) of the Federal Rules of Civil Procedure." (Plaintiff's Interrogatories and Defendant's "responses" are attached as Exhibit "2" to this letter). The subparts in Plaintiff's Interrogatories to Defendant are not discrete subparts and they are all logically and factually subsumed to the primary questions of the interrogatories. See Advisory Committee Notes to Fed. R. Civ. P. 33 (1993 amendments); Madison v. Nesmith, No. 9:06-CV-1488 (NAM)(DEP), 2008 WL 619171 (W.D.N.Y. March 3, 2008). Consequently, Defendant must provide full responses to each interrogatory and the related subpart.

Recently, after good faith efforts to resolve this matter occurred, it was established by email communications that Defendant would not reconsider its position and it refused to fully respond to Plaintiff's Interrogatories Nos. 14-24. (See Attached Ex. "3"). Unfortunately, it has become necessary to involve the Court in this matter, as Plaintiff's Interrogatories Nos. 14 – 24 request information critical to this matter and Defendant refuses to provide responses (based upon what Plaintiff views to be an improper and misplaced objection).

Thank you in advance for your attention to this matter.

Respectfully submitted,

GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP

By: _____
ADAM J. KLEINFELDT, ESQ.

*Application denied for failure to comply with Individual Rule III(A)(iv).*

SO ORDERED:

_____  10/31/13
WILLIAM H. PAULEY III U.S.D.J.